UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| REGINA ARWOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:12-CV-422 |
| ) | (VARLAN/GUYTON) |
| V. ) | |
| ) | |
| PORTFOLIO RECOVERY ASSOCIATES LLC, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 10] referring the Motion to Strike Pattern and Practice Allegations from Complaint [Doc. 7], filed by Defendants Portfolio Recovery Associates, LLC, and David D. Sage ("the Defendants"), to the undersigned for disposition or report and recommendation as may be appropriate.

Plaintiff alleges that Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in their attempts to collect a debt from Plaintiff. Specifically, Plaintiff claims that Defendants filed a collection lawsuit against Plaintiff without first obtaining evidence of the existence or amount of the debt between the original creditor and Plaintiff. [Doc. 1].

In the Motion to Strike, Defendants allege that Plaintiff's Complaint includes several paragraphs of allegations that purport to establish an alleged pattern and practice on the part of Defendants of filing collection lawsuits without obtaining proper evidence in support of their claims. [Doc. 7 at 2]. Defendants also allege that Plaintiff's Complaint contains generalized

allegations of Defendants' alleged practices and actions allegedly taken by Defendants against third parties, and do not mention any acts taken with regard to Plaintiff. [Id.]. The Defendants move the Court to strike paragraphs 11, 12, 13, 15, 16, 18, 20, 21, 41, 42, and 44 as impertinent, immaterial, and scandalous pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. [Id. at 3].

The Defendants cite the undersigned to Shelton v. Encore Capital Group, Inc., No. 2:12-CV-23 (E.D. Tenn. July 5, 2012), and Howze v. Encore Capital Group, Inc., No. 2:12-CV-12 (E.D. Tenn. July 5, 2012), wherein the Honorable Dennis Inman, United States Magistrate Judge, granted a similar motion to strike pattern and practice allegations.

The Plaintiff has not responded in opposition to the relief requested by the Defendants. The time for responding has expired. See E.D. Tenn. L.R. 7.1; Fed. R. Civ. P. 6(d), 5(b)(2)(E). The Court may treat this failure to respond as acquiescence to the relief sought. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

The Court has considered the Defendants' requested relief and the arguments presented in support of the relief. The Court finds that Shelton v. Encore Capital Group, Inc., No. 2:12-CV-23 (E.D. Tenn. July 5, 2012), and Howze v. Encore Capital Group, Inc., No. 2:12-CV-12 (E.D. Tenn. July 5, 2012), provide persuasive authority in this case. Moreover, the Court finds that the Plaintiff has failed to present any opposition to the relief requested.

Accordingly, the Court finds that the Motion to Strike Pattern and Practice Allegations **[Doc. 7]** is well-taken, and it is **GRANTED**. The Plaintiff **SHALL FILE** an amended complaint removing the pattern and practice allegations from paragraphs 11, 12, 13, 15, 16, 18, 20, 21, 41,

and 44, on or before **February 27, 2013**. Thereafter, the Defendants shall have up to and including **March 22, 2013**, to file a responsive pleading or motion.

    **IT IS SO ORDERED.**

                                ENTER:

                                  _s/ H. Bruce Guyton_
                                United States Magistrate Judge